[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The applicant, Cheryl Claywell, has filed this application to discharge a mechanic's lien which was filed by the respondent, Don Moon. The lien was filed by the respondent on September 7, 2001 in the amount of $14,400.00 for work alleged to have been done on premises known as 595 Deercliff as produced by the evidence, Defendant's Exhibit B.
Pursuant to General Statutes § 49-35b the respondent testified that he is licensed by the DEP to conduct logging and forestry clean-up and late in October of 2000 met Kurt Claywell at 595 Deercliff Road in Avon. He entered into a written contract to do some work for Claywell which was finished before January, 2001. Then he entered into another agreement for other work with Claywell and was half-done when weather postponed it until June of 2001. When he came back in June to finish up, Claywell asked if he would clean up an area of about nine acres where trees had been knocked down because the Town was pressing him to have it cleaned up. He set out the area and told him he was preparing the land before demolishing the house to build another house. They agreed that Claywell would pay $300.00 per hour for the job which would take about two weeks but no writing was made. The area was 300 to 500 feet from the road and appeared to be on the piece of property described as the first piece on Schedule A of Respondent's Exhibit. The respondent did the work in seven days and sent his bill to Claywell. See Respondent's Exhibit A.
The applicant admits that Kurt Claywell is her husband and was authorized to have the work done as her agent. The applicant produced no further evidence.
In argument the applicant claims that the lien should be discharged as a matter of law on the property in her name for the following reasons: (1) the lien encumbers a parcel of land where the work in issue was not performed; (2) the lienor was working under a trade name "Don Moon Logging" which trade name certificate was not filed with the office of the town clerk at the time that the work in issue was performed; (3) the work in issue was "removal of debris from a ravine" which is landscaping services generally not lienable under Connecticut law; and (4) the work in issue was not in writing if a home improvement contract as required by General Statutes § 20-429 and signed by one who is registered under the provisions of General Statutes § 20-420 as home improvement contractor.
 I. CT Page 6664
The respondent was the only one who testified and he stated that no map or survey was provided him nor did he see any markers to designate the boundaries of the two lots. He further stated that Claywell designated the area to be cleared and stated that he was the owner and was preparing to tear down the present house designated as 595 Deercliff Road and build a new house. He believed that he was clearing land which was designated as the First Piece on Schedule A of Respondent's Exhibit B.
 II.
It is clear from the statute, General Statutes § 35-1, "No person . . . shall conduct or transact business in this state, under any assumed name . . . other than the real name or names of the person or persons conducting or transacting such business, unless there has been filed, in the office of the town clerk" the full name and address of the person conducting the business. Such filing need be done only if the person so filing is using some name other than his own. DiBiase v. Garnsey,103 Conn. 21, 27 (1925); Metro Bullentins Corp. v. Soboleski,30 Conn. App. 493, 499 (1993).
 III.
In the 1974 Amendment to General Statutes § 49-33 (a) the statute was extended to include services and materials that have enhanced the property in some physical manner. Thompson Peck, Inc. v. DivisionDrywall, Inc., 241 Conn. 370, 380, but consistent with the interpretation in the context of lot improvement in the sense of site development or subdivision, Nickel Mine Brook Associates v. Joseph E. Sakal, P.C.,217 Conn. 361, 367, rather than ordinary landscaping services. CeciBros., Inc. v. Five Twenty One Corp., 51 Conn. App. 773, 781. The respondent's work here was obviously more than landscaping work and from the evidence produced in the category of site development.
 IV.
The evidence produced here removes the work performed by the respondent from the Home Improvement Act by the language of the Act "`Home Improvement' does not include: (A) the construction of a new home." General Statutes § 20-419 (4).
For the above stated reasons the court finds that pursuant to General Statutes § 49-35b the lienor has established that there is probable cause to sustain the validity of his lien and by the failure of the applicant to prove by clear and convincing evidence that the validity of the lien should not be sustained, the court must deny her application. CT Page 6665
The application is therefore DENIED.
Thomas H. Corrigan Judge Trial Referee